IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

Vs.                                                    No.  05-40094-01-SAC

YARIK FRANCISCO VARGAS-ISLAS,

Defendant.

MEMORANDUM AND ORDER

The defendant Yarik Francisco Vargas-Islas pleaded guilty to count two of the indictment that charged him with possession with the intent to distribute methamphetamine.  The factual basis to this plea is that the defendant was driving a car on I-70 highway when officers stopped him for a traffic violation and searched the car finding a hidden compartment in the trunk area that contained sixteen unmarked bundles of methamphetamine.  The laboratory testing of the bundles revealed a purity level of 96% resulting in 4.7 net kilograms of actual methamphetamine.  The defendant agreed with those facts but did not admit knowing the quantity of the drugs and did not stipulate to the purity of the drugs. The presentence report ("PSR") recommends a Guideline sentencing range of 168 to 210 months from a criminal history category of one and a total offense level of

35 (base offense level of 38 pursuant to U.S.S.G. § 2D1.1(c)(1) and a three-level

acceptance of responsibility adjustment enhancement pursuant to U.S.S.G. §

3E1.1).  The addendum to the PSR reflects the defendant has one unresolved

objection to the lack of a minor role adjustment, and the government opposes a role

adjustment.  The defendant has filed a sentencing memoranda in support of his

objection, and the government has filed an opposing response.

**Defendant's Objection:**  The defendant objects that the PSR fails to afford him a

minor role adjustment for being only a courier in a drug trafficking organization in

which others planned, supervised, financed and supervised the distribution and then

profited directly from the sale proceeds.  In contrast, the defendant did not share in

the profits, did not exercise any decision-making authority, did not package or load

the drugs, and did not know the quantity or quality of the drugs being transported.

His knowledge was limited to that of a courier, and he simply followed the

instructions given him.

       The government opposes the adjustment largely attacking the

credibility of the defendant's evidence.  The government recounts the defendant's

version of the offense given during the debriefing and labels it as improbable and

illogical.  The government posits that even if the defendant's version is believed, a

role reduction is not warranted as the defendant is being held responsible only for

the drugs he transported and his role as a courier should not be considered minor.

**Ruling**:   The mitigating role adjustment in U.S.S.G. § 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant."  U.S.S.G. § 3B1.2, comment. (n.3(A)).  The determination whether a defendant is entitled to such a reduction is "heavily dependent upon the facts of the particular case."  U.S.S.G. § 3B1.2, comment. (n.3(C)).  A role reduction is not earned simply because a defendant is "the least culpable among several participants in a jointly undertaken criminal enterprise."  *United States v. Lockhart*, 37 F.3d 1451, 1455 (10th Cir.1994) (citing *United States v. Caruth*, 930 F.2d 811, 815 (10th Cir.1991)).  In evaluating culpability, a court compares the "defendant's conduct with that of others in the same enterprise, but also with the conduct of an average participant in that type of crime."  *United States v. Caruth*, 930 F.2d at 815.  To weigh relative culpability, "evidence must exist of other participants and their role in the criminal activity."  *United States v. Sukiz-Grado*, 22 F.3d 1006, 1009 (10th Cir. 1994) (internal quotation marks omitted).  In short, a role reduction is appropriate when the defendant is "substantially less culpable" than an average participant and is not required just because multiple participants with differing levels of culpability are involved.  The defendant has the burden of proving his minor participation.

3

*United States v. Harfst*, 168 F.3d 398, 401-02 (10th Cir. 1999).

The Tenth Circuit has eschewed adopting any *per se* rule that drug couriers are entitled to minor role reductions. *United States v. Chavez*, 229 F.3d 946, 956 (10th Cir. 2000); *United States v. Torrez*, 2004 WL 1510011, at *1 (10th Cir. 2004); *see, e.g.*, *United States v. Montoya*, 24 F.3d 1248, 1249 (10th Cir. 1994) ("Given the important function of couriers in drug distribution networks, we have recognized that couriers often are not minor participants."); *United States v. Sukiz-Grado*, 22 F.3d at 1009; *United States v. Ballard*, 16 F.3d 1110, 115 (10th Cir.), *cert. denied*, 512 U.S. 1244 (1994). By the same token, the Tenth Circuit has not said that a drug "courier is ineligible for" a role reduction. *United States v. Harfst*, 168 F.3d at 403. For that matter, the Sentencing Guidelines do not preclude a minor role reduction to a defendant whose only role in the offense was "transporting or storing drugs" when the defendant is held accountable only for the quantity of drugs personally transported. U.S.S.G. § 3B1.1, comment. (n.3(A)).[1]

---

[1]This commentary resulted from Amendment 635 which took effect November 1, 2001. The Sentencing Commission's reasons for the amendment appearing in Appendix C identify the circuit conflict between *United States v. Burnett*, 66 F.3d 137 (7th Cir. 1995) (defendant "is not entitled to a" role reduction if held accountable only for those drugs personally handled by the defendant), *superseded by amendment of Guidelines*, *United States v. Rodriguez*, 362 F.3d 958, 960 (7th Cir. 2004), and *United States v. Rodriguez De Varon*, 175 F.3d 930 (11th Cir.) ("defendant is not automatically precluded" from role reduction if held

One is not disqualified from nor qualified for a role reduction just by calling oneself a drug courier.  Tenth Circuit precedent looks beyond the label and focuses on certain factors and the facts as relevant to this determination:  (1) the "defendant's knowledge or lack thereof concerning the scope and structure of the enterprise and of the activities of others involved in the offense," *United States v.*

---

accountable only for those drugs personally handled), *cert. denied*, 528 U.S. 976 (1999), and adopt the Eleventh Circuit's approach in contrast to the Fifth Circuit's. The Commission further offers as in its reasons:

> "The substantive impact of this amendment in resolving the circuit conflict is to provide, in the context of a drug courier, for example, that the court is not precluded from considering a § 3B1.2 adjustment simply because the defendant's role in the offense was limited to transporting or storing drugs, and the defendant was accountable under § 1B1.3 only for the drugs the defendant personally transported or stored.  The amendment does not require that such a defendant receive a reduction under § 3B1.2, or suggest that such a defendant can receive a reduction based only on those facts; rather, the amendment provides only that such a defendant is not precluded from consideration for such a reduction if the defendant otherwise qualifies for the reduction pursuant to the terms of § 3B1.2."

This guideline commentary taking effect in 2001 and the Commission's explanation of it plainly contradicts the government's following argument based on *United States v. Harfst*, 168 F.3d 398, 403 (10th Cir. 1999) (citing *United States v. Burnett*, 66 F.3d 137, 140 (7th Cir. 1995)):

> "Even if the defendant's version of his role in the offense, as told in the debriefing, were to be believed, a role reduction is still not warranted.  This defendant is only being held responsible for the drugs he transported and, therefore, his role should not be considered minor."

(Dk. 57, pp. 9-10).  The court rejects the government's position that the defendant is not entitled to a role reduction simply because he was held accountable only for those drugs found in the car he was driving.

5

*Calderon-Porras*, 911 F.2d 421, 423 (10th Cir. 1990) (inquiry must focus on this

factor); (2) the defendant's involvement in more than one transaction, *United States*

*v. Montoya*, 24 F.3d at 1249; (3) the distance traveled by the courier and amount of

compensation, *United States v. Mares*, —F.3d—, 2006 WL 752017, at *6 (10th

Cir. Mar. 24, 2006); (4) the quantity of drugs entrusted to the defendant for

transportation, *United States v. Parra-Garcia*, 1 Fed. Appx. 778, *783-784, 2001

WL 10291, *5 (10th Cir. 2001); (5) the fact that the defendant was specifically

hired to transport or "duped into delivering" the contraband; *United States v.*

*Salazar-Samaniega*, 361 F.3d 1271, 1278 (10th Cir.), *cert. denied*, 543 U.S. 859

(2004); (6) the level of planning required to transport the drugs, *see id.*; and (7) the

defendant's involvement in regards to "underlying scheme" in comparison to the

defendant's involvement in the offense of conviction, *see United States v. Harfst*,

168 F.3d at 403.

Though a close call, the court finds the defendant has carried his

burden of proof.  The court finds the defendant's statement credible that he was

courier who received a set and modest payment for driving a car loaded with drugs

on this one occasion.  He did not own the car or the drugs being transported.  He

did not know the quality or quantity of the drugs being transported, did not

package or load the drugs into the car, and did not arrange, negotiate, finance, or

plan the trip or any subsequent distribution of drugs.  He did not purchase the drugs and did not intend to sell the drugs.  His role was only to drive the load car to a particular city and to follow the instructions given during the trip, and he did not know anything more about the planned distribution of drugs.

The court shares the government's frustration with the defendant's failure to give a truthful account of the offense during the debriefing.  For that matter, the court also questions the truthfulness of the defendant's account on how he accidentally ran into the friend or neighbor who asked him to drive the car.   The court certainly could follow the government's recommendation and reject the defendant's entire version of the offense as incredible based on the improbability of the defendant and "Luis" meeting in this way and on other inconsistencies between the defendant's post-arrest statement and debriefing.  The facts of this case, however, dissuade the court from following this recommendation.

It is true that a courier's reluctance to disclose details about those who hired him could serve his interest in arguing for a minor role adjustment.  At the same time, such reticence or deception is likely to preclude the courier, as in this case, from obtaining even larger reductions to his sentence that would be available

7

if he cooperated more fully.[2]  Consequently, a courier may well have other reasons for not truthfully providing more details, including the desire to protect his family and friends who are not involved in this criminal activity.  On the facts of this case, the court is not persuaded that the defendant's lack of complete truthfulness is an effort to deceive others about his involvement in the distribution scheme.

Material elements of the defendant's statement about the offense are either corroborated or, at least, not disputed by other evidence.  The defendant said that a friend by the name of "Luis" arranged for the defendant to drive the load car. Registration papers found in the car show it was owned by Luis Eusebio Delgado-Lizarraga.  The defendant's passenger, Francia Navidad Enriquez-Marin, gave a post-arrest statement that she was going to fly back to Nebraska but that the defendant received the car from a friend and decided to drive back.  The defendant said he did not know the quantity or quality of the methamphetamine and did not load or handle it.  The drugs were found in a hidden, remote compartment not readily accessible to the defendant.  Fingerprints recovered from the seized bundles

_____

[2]Of course, the court realizes its logic assumes the defendant did not own the drugs.  The court infers the same from the PSR and the lack of evidence that the defendant had the financial means to own this amount of highly pure methamphetamine, had the criminal background for distributing this quantity of methamphetamine, and was living a lifestyle consistent with distributing methamphetamine in such amounts.

did not match the defendant or the co-defendant.  The defendant said he was a mere courier, did not own the drugs, and did not finance the transaction.  The defendant has no criminal history connected to drug trafficking.  As reflected in the PSR, defendant was deported four times during the span from 1997 to 2003, and the defendant's contact with law enforcement agencies on those occasions apparently did not involve any illegal drug activity.  The defendant does not have any significant financial assets as would be expected of someone closely involved with the distribution of such a large amount of highly pure methamphetamine.

The court finds that the defendant has carried his burden of proving he is entitled to a minor role reduction of two levels.  The court sustains the defendant's objection and grants a two-level adjustment for minor role.  The ruling results in a total offense level of 29 (a base offense level of 34 less two levels for minor role and less three levels for acceptance of responsibility),and a sentencing guideline range of 120 months because of the mandatory minimum by statute.

IT IS THEREFORE ORDERED that the defendant's objection to the PSR is granted.

Dated this 5th day of June, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

9